# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **TIRON ALEXANDER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:26-cv-00122-TES** |
| **MIDDLE GEORGIA STATE UNIVERSITY,** *et al.*, | |
| *Defendants.* | |

## ORDER

Pro se Plaintiff Tiron Alexander commenced this civil action on April 7, 2026, by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. *See* [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP and waives the filing fee, the Court is required to conduct a frivolity review of his Complaint pursuant to 28 U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found § 1915. In relevant part, this statute provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

all assets such prisoner possesses[1] that the person is unable to pay such fees
or give security therefor. Such affidavit shall state the nature of the action,
defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing

fees if it "represents that the litigant, because of his poverty, is unable to pay for the

court fees and costs, and to support and provide necessities for himself and his

dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After

reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to

Proceed *In Forma Pauperis* or, stated differently, grants him IFP status. [Doc. 2].

## FRIVOLITY REVIEW

### A. Legal Standard

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to

review his pleading to determine whether it is frivolous or malicious or fails to state a

claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh

Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis*

generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails

to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x

421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The

proper contours of the term "frivolous," have been defined by the Supreme Court to

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

3

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal [for failure to state a claim under Rule 12(b)(6)] is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B.    Plaintiff's Complaint

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Further, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)).

In his Complaint, Plaintiff alleges that "[o]n or about October 20, 2022, Plaintiff received a federal Pell Grant disbursement in the amount of approximately $1,662.00"

which was "applied to [his] tuition and fees." [Doc. 1, p. 3]. Then, "[o]n or about June 12, 2023, Defendants reversed previously disbursed federal financial aid" and that "[a]fter applying credits, a remaining balance of approximately $1,262.00 was assessed." [*Id.*]. Plaintiff asserts that "[a]s a direct result of the balance, Defendants placed an administrative hold on Plaintiff's account" and that this "hold prevented Plaintiff from registering for required coursework necessary to complete his academic program." [*Id.*].

Plaintiff brings claims for a violation of procedural due process under 42 U.S.C. § 1983, for declaratory and injunctive relief, for breach of contract, and for alternative equitable relief. *See generally* [*id.*]. Plaintiff names Middle Georgia State University; the University System of Georgia; Jenia Bacote, in her official capacity as Executive Director of Equal Opportunity; Stephen Schultheis, in his official capacity as Vice President for Enrollment Management; Ana Evans, in her official capacity as Chief Business Officer & Vice President for Finance and Operations; and Margo Woodham, in her official capacity as Interim Vice President for Enrollment Management, as defendants in this action. [*Id.* at p. 1].

A review of Plaintiff's Complaint reveals a glaring issue, however. Based on Plaintiff's own allegations, his claim for a violation of procedural due process under Count I appears to exceed the applicable statute of limitations. The statute of limitations for claims brought under § 1983 are governed by the statute of limitations for a personal injury action in the state where the cause of action arose. *See Wallace v. Kato*, 549 U.S.

5

384, 387 (2007). According to Plaintiff's Complaint, the cause of action for this case arose in Georgia, and personal injury actions in Georgia carry a two-year statute of limitations. O.C.G.A. § 9-3-33 (". . . actions for injuries to the person shall be brought within two years after the right of action accrues . . ."); *see also Lovett v. Ray*, 327 F.3d 1181, 1182–83 (11th Cir. 2003). Thus, the statute of limitations for Plaintiff's due process claim brought under § 1983 claims is two years. *Pugh v. Balish*, 564 F. App'x 1010, 1012 (11th Cir. 2014). Where it "appear[s] beyond a doubt from the complaint itself that the [plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the Court may dismiss the complaint as time-barred prior to service. *See United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (holding that a district court may properly dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim); *Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a § 1983 complaint sua sponte, without requiring any responsive pleadings, for failure to state a claim if the action would be barred by the state's statute of limitations."); *see also Smith v. Mercer*, 580 F. App'x 871, 872–73 (11th Cir. 2014) (affirming sua sponte dismissal of § 1983 claims as time-barred).

Plaintiff has alleged that the reversal of his financial aid distribution occurred on or about June 12, 2023. [Doc. 1, p. 4]. That means that any claim related to a violation of due process should have been brought by June 12, 2025. Plaintiff is nearly ten months

6

late in bringing his claim. Therefore, Plaintiff's claim related to an alleged violation of due process (including a request for a declaratory judgment) is time-barred. Since Plaintiff's due process claim is time-barred, he cannot "satisfy the threshold 'case or controversy' requirement" for declaratory relief. *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Moreover, to the extent Plaintiff asserts his request for a declaratory judgment as an independent cause of action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), he may not do so. *Foley v. Orange Cnty.*, No. 6:12–cv–269–Orl–37KRS, 2012 WL 6021459, at *8 (M.D. Fla. Dec. 4, 2012) ("[The Declaratory Judgment Act] does not provide an independent cause of action or theory of recovery."); *Feingold v. Budner*, No. 9:08-cv-0539-DTKH, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008) ("Declaratory judgments and injunctions are equitable remedies, not causes of action."). Accordingly, the Court **DISMISSES** Count I and that portion of Count II seeking a declaratory judgment for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The remainder of Plaintiff's Complaint fares no better because the remaining portion of Count II asking for "Injunctive Relief" and Count IV of Plaintiff's Complaint related to "Alternative Equitable Relief" are not independent causes of action but rather are potential remedies. Finally, Count III of Plaintiff's Complaint is for an alleged breach of contract. This, however, is a state law claim.

Because Plaintiff has no other federal law claims to anchor these state law claims in federal court, the Court will decline to exercise supplemental jurisdiction. Federal

courts may exercise supplemental jurisdiction over state law claims "in any civil action of which [they] have original jurisdiction." 28 U.S.C. § 1367(a). "[D]istrict courts may," however, "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. of Mia.-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Recognizing this hard-and-fast rule, the Court declines to exercise supplementary jurisdiction over Plaintiff's remaining state law claim for breach of contract in accordance with the discretion afforded to it by § 1367(c)(3). The Court, therefore, **DISMISSES** Plaintiff's breach-of-contract claim **without prejudice**.[2]

<u>**CONCLUSION**</u>

The Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon review of Plaintiff's Complaint [Doc. 1] under § 1915(e), the Court **DISMISSES** it

---

[2] "If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, [he] must refile the claim in state court." *Artis v. District of Columbia*, 583 U.S. 71 (2018); *see also* 28 U.S.C. § 1367(d).

**without prejudice** as further set out above.[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 10th day of April, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Since the applicable statute of limitations has run as to Plaintiff's claims, the Court's dismissal without prejudice is tantamount to dismissal with prejudice. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).