**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **TIRON ALEXANDER,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**MIDDLE GEORGIA STATE UNIVERSITY,** *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00122-TES** |

**ORDER STRIKING COMPLAINT**

On April 10, 2026, the Court dismissed the above-captioned case without prejudice and entered judgment to that effect. [Doc. 3]; [Doc. 4]. On April 28, 2026, Plaintiff Tiron Alexander filed another complaint ostensibly hoping to amend the complaint he filed at the outset of this case on April 7, 2026. [Doc. 1]; [Doc. 5]. While Plaintiff is proceeding pro se, requiring a liberal construction of his allegations, pro se plaintiffs are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). A plaintiff's pro se status does not excuse mistakes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Federal Rule of Civil Procedure 7 states that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "A motion for leave to amend must either

set forth the substance of the proposed amendment, or alternatively, the movant must attach a copy of the proposed amendment to their motion." *Fey v. US Bank, N.A.*, 733 F. App'x 1002, 1003 (11th Cir. 2018) (per curiam) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). Here, Plaintiff "did not file a proper motion for leave to amend." *Id.* Instead, he just filed another complaint *after* the Court entered judgment, and this he cannot do. With the large chance that Plaintiff might seek leave to amend under the usual procedural rule for amending a complaint—Rule 15—the Court notes that he cannot, at this time, use Rule 15 considering the procedural posture of this case.

Rule 15 provides two ways a plaintiff can amend a complaint before trial. One way is by amending as a matter of course. Fed. R. Civ. P. 15(a)(1). A "matter of course" amendment allows a plaintiff to amend a complaint in one of two ways: once within 21 days after serving the complaint, or 21 days after a plaintiff's adversary serves a responsive pleading or 21 days after that adversary serves a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)–(B). There was no service in this case as it was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) mainly on statute of limitations grounds. [Doc. 3, pp. 5–6, 8–9].

Other than amendments "as a matter of course," the second and *only* other way to amend a complaint before trial comes under the "Other Amendments" portion of Rule 15. That provision says, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Since there was no service, as discussed above, there was no way for Plaintiff to obtain written consent from his adversaries. So, seeking the Court's leave to amend under Rule 15(a)(2) was the only avenue that would've been available to Plaintiff until the Court entered judgment.

However, a plaintiff has no right to amend a complaint after judgment dismissing the complaint is entered. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 15 has "no application once the district court has dismissed the complaint and entered final judgment for the defendant." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 (11th Cir. 2006) (citing *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984)); *see, e.g.*, [Doc. 4, p. 1]. "Post-judgment, [a] plaintiff may seek leave to amend [only] if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Jacobs*, 626 F.3d at 1344 (quoting *Czeremcha*, 724 F.2d at 1556).

Without a proper motion requesting any relief from the Court, no action will be taken on the complaint Plaintiff impermissibly filed on April 28, 2026. If Plaintiff still wishes to amend the complaint filed at the commencement of this action (the complaint from April 7, 2026), he must seek appropriate relief under Rule 59(e) or Rule 60(b). Or, alternatively, Plaintiff may initiate a new civil action by using the complaint he filed on April 28, 2026, but bear in mind, any new civil action must be accompanied by a filing fee or a renewed motion for leave to proceed *in forma pauperis*. Since, however, Plaintiff

filed the complaint on April 28, 2026, *after* the Court entered judgment and *without* an

appropriate motion, the Court **STRIKES** it from the record. *See Burt Dev. Co. v. Bd. of

Comm'rs of Lee Cnty., Ga.*, 230 F. App'x 910, 914 (11th Cir. 2007) (affirming decision to

strike amended complaint from the docket because it was filed without leave of court).

SO ORDERED, this 4th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**